INSURANCE COMPANY OF NORTH AMERICA *v.*
SMELSER ROOFING COMPANY

1. WITNESSES—EVIDENCE—EXPERT WITNESSES—QUALIFICATION TO TESTIFY—TRIAL COURT—DISCRETION.
   It is within the province and discretion of the trial court to determine the qualifications of an expert to testify.

2. EVIDENCE — WITNESSES — EXPERT TESTIMONY — CREDIBILITY — DIRECTED VERDICT.
   Upon a motion for directed verdict, the court must consider the evidence presented in a light most favorable to the party against whom the motion is made and cannot decide the credibility and sufficiency of expert witnesses' testimony.

3. NEGLIGENCE—EVIDENCE—DIRECTED VERDICT—QUESTION OF FACT.
   Granting defendant's motion for directed verdict in an action to recover damages allegedly resulting from negligent repair of a roof by defendant *held,* reversible error when there was testimony by an expert, who examined the repairs over a year

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Expert and Opinion Evidence § 26.
[2, 3] 53 Am Jur, Trial §§ 300, 362 *et seq.*

after they were made, to the effect that the repairs did not appear to have been properly made, which was sufficient to create a question of fact for jury determination.

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 October 7, 1968, at Detroit. (Docket No. 2,987.)    Decided December 24, 1968.

Complaint by Insurance Company of North America, a corporation, subrogee of Draftline Engineering, against Smelser Roofing Company, a Michigan corporation, for damages resulting from negligent repair of subrogor's roof. Defendant's motion for directed verdict granted. Plaintiff appeals. Reversed and remanded.

*Johnson, Campbell & Moesta,* for plaintiff.

*Feikens, Dice, Sweeney and Sullivan* (*Altero J. Alteri,* of counsel), for defendant.

R. B. BURNS, J. Plaintiff appeals a judgment entered upon a directed verdict pursuant to defendant's motion at the close of plaintiff's proofs.

The cause arose from water damage to certain blueprints and drawings. Damages were stipulated in the amount of $7,000. Plaintiff's subrogor, Draftline Engineering, was the owner of the building in which the damage occurred.

On Thursday morning, March 5, 1964, a small leak was discovered along the south wall about 35 feet from the rear of the building but no water was found in the rear room at that time. That afternoon Smelser Roofing Company made temporary repairs to the roof along the south wall near the rear of the building.

On Monday morning, March 9, 1964, an inch of water was found on the floor in the rear room of the

southernmost portion of the building. Blueprints and drawings were water-soaked and damaged, and some of the ceiling tiles were loose and wet. Smelser Roofing Company returned that same Monday and made permanent repairs to the roof.

The official United States weather report for March, 1964, shows there was some rain with average windspeed of 26 miles per hour on Thursday, March 5. The weather was mild Friday and Saturday, but on Sunday, March 8, there were .67 inches of rain and 2.3 inches of snow.

At trial, plaintiff alleged that defendant's repairs to the roof on March 5 were made in a negligent manner which allowed snow and water to enter the building on March 8, causing the damage. Defendant moved for a directed verdict on the ground that plaintiff failed to produce sufficient evidence to permit the jury to return a finding that defendant was negligent. The trial court granted defendant's motion. Plaintiff appeals.

Plaintiff presents two questions: (1) Did plaintiff introduce sufficient evidence of negligence so as to create a question of fact for jury determination?, and (2) Can the trial court reject the testimony of one of plaintiff's witnesses in directing a verdict for defendant?

We consider the second issue the controlling question on this appeal and shall proceed first to a determination of this issue, involving the testimony of plaintiff's expert witness.

It is within the province and discretion of the trial court to determine the qualifications of an expert to testify. *People* v. *Hawthorne* (1940), 293 Mich 15. It does not follow, however, that the trial court, upon entertaining a motion for a directed verdict, can decide the credibility and sufficiency of the expert witness' testimony. As has been recently stated

by the Supreme Court in *Schedlbauer* v. *Chris-Craft Corp.* (1968), 381 Mich 217:

"It seems that we must constantly remind those interested in negligence law that a motion by the defendant for a directed verdict presents no question of credibility; also that the trial judge may not select among actual or seeming contradictory statements of a witness given on direct examination and cross-examination what he believes should be applied to the motion."

We thus determine that in ruling on the motion for a directed verdict the trial court erred in rejecting or discounting the testimony of plaintiff's expert witness.

As to whether sufficient evidence was introduced to create a question of fact for jury determination, we reiterate the standard laid down a century ago by Justice Cooley in *Detroit & M. R. Co.* v. *Van Steinberg* (1868), 17 Mich 99, 117, 118:

"In determining this question, we must look at the case as it appears from the plaintiff's own testimony, unqualified by any which was offered on the part of the defendants, and must concede to him anything which he could fairly claim upon that evidence. He had a right to ask the jury to believe the case as he presented it; and, however improbable some portions of his testimony may appear to us, we cannot say that the jury might not have given it full credence. It is for them, and not for the court to compare and weigh the evidence. For the purposes of any positive instructions which one party may demand upon the evidence, he must concede all that his opponent may claim from it."

This standard has been followed essentially through the years. See *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417 and *Schedlbauer* v. *Chris-Craft, supra.*

Applying this standard to the present case, we do not feel plaintiff was granted the full measure of favorable view to which he was entitled upon submission of defendant's motion. Plaintiff's expert testified that he found no sealer applied along the top of flashing. He testified that an improper type of nail was used to secure the flashing. He also testified that it was more important to have a sealer along the top of the flashing in a bad wind than in a wind of lesser velocity. He testified as to what he considered to be the proper method of making temporary repairs during bad wind conditions and that this method was not followed by defendant.

Defendant agreed that if the temporary repairs were not properly made, water would be likely to get in. It was established that no further repair work had been done on the roof since March 9, 1964. Plaintiff's expert's testimony regarding the proper method of making temporary repairs and the condition in which he found the roof upon examination supported a reasonable inference that the standard of due care had not been met, and the subsequent damage was caused thereby.

The motion for directed verdict should have been denied because the testimony was sufficient to create a question of fact for jury determination.

Reversed and remanded for new trial. Costs to appellants.

J. H. GILLIS, P. J., and KELLEY, J., concurred.